

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,807-01

**EX PARTE BRONSON WILLIAMS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-17383-A IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery in exchange for deferred adjudication community supervision. On April 2, 2018, Applicant was adjudicated guilty and sentenced to fifty years' imprisonment.

Applicant contends that his adjudication counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Adjudication counsel has submitted an affidavit in which he states that he provided Applicant with a copy of the Trial Court's Certification Of Defendant's Right Of Appeal and told him that notice of appeal must be filed within 30 days of the date of

sentencing, April 2, 2018. Adjudication counsel states that Applicant never advised him that he wanted to appeal, and states that he had no further communication with Applicant until receipt of this writ of habeas corpus. Adjudication counsel does not state that he asked Applicant whether he wanted to appeal, or that he advised Applicant how to file notice of appeal or how to seek appointment of appellate counsel.

On May 16, 2018, more than thirty days from the date of sentencing and outside the time for requesting an extension of time for filing the notice of appeal, Applicant filed a *pro se* notice of appeal with the trial court. The trial court signed the Trial Court's Certification Of Defendant's Right Of Appeal on June 13, 2018. On August 29, 2018 the Ninth Court of Appeals dismissed Applicant's appeal for want of jurisdiction because of the untimely filed notice of appeal.

The trial court finds adjudication counsel's affidavit to be credible, but finds that counsel's limited consultation with Applicant regarding his right to appeal and the appellate deadlines did not satisfy counsel's duty to assist Applicant in making an informed decision of whether to exercise that right. *See Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). The trial court notes that adjudication counsel did not file a motion to withdraw from the representation, and finds that Applicant's belated filing of the *pro se* notice of appeal indicates that he did in fact want to appeal from the adjudication. The trial court has determined that Applicant was denied his right to appeal after adjudication through no fault of his own.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 13-17383 from the Criminal District Court of Jefferson County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of

this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  June 26, 2019
Do not publish